UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

GAYLE STAIGER and JOHN STAIGER,  :
       Plaintiffs,                                       :
                                                                :
       v.                                                      :    No. 5:21-cv-03709
                                                                :
WEIS MARKETS, INC., *d/b/a* WEIS             :
MARKETS,                                                        :
       Defendant.                                       :
_____

**O P I N I O N**
Defendant's Motions to Dismiss, ECF No. 8 – Granted

**Joseph F. Leeson, Jr.**                                                                              November 2, 2021
**United States District Judge**

I.      **INTRODUCTION**

      This matter involves an alleged slip and fall incident in which Plaintiff Gayle Staiger alleges she was injured while shopping at a store owned and operated by Defendant Weis Markets. In the Complaint, Ms. Staiger and her husband John Staiger assert claims of negligence and loss of consortium against Weis. Weis now moves to dismiss the Complaint in its entirety for failure to state a claim.

     Upon a review of the Complaint, this Court agrees that Plaintiffs fail to state a claim. Accordingly, Weis' motion is granted, and the Complaint is dismissed in its entirety without prejudice.

II.     **BACKGROUND**

     The allegations are taken, in large part, from Plaintiffs' Complaint. On or about August 9, 2019, Ms. Staiger was in a store owned and operated by Weis in Pennsylvania. *See* Compl. ¶ 9, ECF No. 1. While Ms. Staiger was in the water aisle moving towards the checkout area, she

1
110121

fell. *See id.* ¶ 10. Ms. Staiger alleges that she has no medical condition, and she "believes and avers that there must have been a substance in the aisle which caused her to fall." *See id.* ¶ 11.

A patron noticed Ms. Staiger injured and notified the store manager. *See id.* ¶¶ 12-13. Ms. Staiger was transported by Emergency Medical Services to Lancaster General Hospital, and she was treated for a scalp laceration, a subarachnoid hemorrhage, and left shoulder pain. *See id.* ¶¶ 14, 16. Based on these injuries, Ms. Staiger asserts claims for negligence, Count I, and loss of consortium, Count II, against Weis. Weis now moves to dismiss the Complaint. *See* Mot., ECF No. 8.

Plaintiffs filed the instant matter on August 9, 2021.[1] *See* Compl. On September 28, 2021, Weis moved for dismissal. *See* Mot. Plaintiffs filed an untimely response to the present motion on October 19, 2021. *See* Resp., ECF No. 9.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[1] According to Weis' motion to dismiss and publicly-available documents attached thereto, Plaintiffs asserted claims related to this incident in the Court of Common Pleas of Lancaster County, docket number CI-20-04808. *See* Mot. 1-2. On March 19, 2021, the presiding Judge dismissed Plaintiffs' case. *See id.* at Ex. A, ECF No. 8-4. On April 8, 2021, Plaintiffs filed an amended complaint in the Court of Common Pleas. *See id.* at Ex. B, ECF No. 8-5. On July 23, 2021, the presiding Judge again dismissed Plaintiffs' case. *See id.* at Ex. D, ECF No. 8-7.

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

        **B.**        **Premises Liability – Review of Applicable Law**

"Under Pennsylvania law, visitors to a store are 'business invitees,' and '[t]he duty owed to a business invitee is the highest duty owed to any entrant upon land.'" *See Pace v. Wal-Mart Stores E., LP*, 337 F. Supp. 3d 513, 518 (E.D. Pa. 2018) (quoting *Campisi v. Acme Markets, Inc.*, 915 A.2d 117, 119 (Pa. Super. Ct. 2006)). Pursuant to that duty,

> [a] possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>     a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>     b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>     c) fails to exercise reasonable care to protect them against the danger.

*See id.* at 519 (quoting *Henderson v. J.C. Penney, Corp.*, No. CIV A 08-177, 2009 WL 426180, at *3 (E.D. Pa. Feb. 20, 2009)). "However, the 'mere fact that an accident occurred does not give rise to an inference that the injured person was the victim of negligence.'" *See id.* (quoting *Cox v. Wal-Mart Stores E., L.P.*, 350 F. App'x 741, 743 (3d Cir. 2009)). Rather, a plaintiff must allege

> (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another.

*See id.* (quoting *Felix v. GMS, Zallie Holdings, Inc.*, 501 F. App'x 131, 134 (3d Cir. 2012)).

## IV.   ANALYSIS

Weis asserts that Plaintiffs fail to state a claim for either negligence or loss of consortium. In particular, Weis argues that Plaintiffs fail to plausibly allege that any dangerous condition on Weis' premises was the cause of Ms. Staiger's injuries. For the reasons explained below, this Court agrees.

To establish premises liability, Plaintiffs must first allege the existence of a dangerous condition that involves "an unreasonable risk of harm to invitees." *See id.* (quoting *Henderson*, 2009 WL 426180, at *3). In their Complaint, Plaintiffs largely rely on legal conclusions to suggest the existence of a dangerous condition. *See, e.g.*, Compl. ¶ 8 ("Defendant . . . knew or should have known of the dangerous conditions of the Store premises."). The lone factual allegation upon which Plaintiffs ground their claim of a dangerous condition states as follows: "As [Ms. Staiger] has no medical condition, Ms. Staiger believes and avers that there must have been a substance in the aisle which caused her fall." *See id.* ¶ 11.

Under Pennsylvania law, the "mere fact that an accident occurred does not give rise to an inference that the injured person was the victim of negligence." *See Pace*, 337 F. Supp. 3d at

519 (citing *Cox*, 350 F. App'x at 743). Here, Plaintiffs' own allegations ask this Court to draw this impermissible inference, positing Ms. Staiger's belief that the fall "must have been" caused by some unidentified substance in the aisle. *See* Compl. ¶ 11. Plaintiffs' response to the present motion advances the same argument. *See* Resp. 4-5. In essence, Plaintiffs ask this Court to assume negligence based on the mere fact of Ms. Staiger's fall. Such an inference is impermissible. Moreover, that Plaintiffs have disclaimed the existence of any preexisting medical condition does not change the analysis. *See* Compl. ¶ 11. Despite this disclaimer, Plaintiffs fail to allege facts that would plausibly support that a dangerous condition was the cause of Ms. Staiger's fall, let alone what that dangerous condition was.

Accordingly, Plaintiffs fail to state a claim for premises liability in Count I, and Count I is dismissed without prejudice. Because Plaintiffs' loss of consortium claim in Count II is entirely derivative of their negligence claim, *see* Compl. ¶ 27, Count II must also fail, and it, too, is dismissed without prejudice.

## V.     CONCLUSION

Plaintiffs have failed to raise plausible claims of negligence and loss of consortium in their Complaint. In particular, Plaintiffs do not plausibly allege that a dangerous condition was the cause of Ms. Staiger's injuries. Accordingly, Weis' motion to dismiss is granted and Plaintiffs' Complaint is dismissed in its entirety without prejudice. Because this Court cannot say for certain at this time whether amendment would be inequitable or futile, it must permit Plaintiffs the opportunity to amend their Complaint. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile"). Notwithstanding, Plaintiffs are cautioned that the

filing of an amended complaint is only appropriate to the extent that they can come forward with allegations to resolve the factual insufficiencies detailed herein.

    A separate Order follows.

BY THE COURT:


*/s/Joseph F. Leeson, Jr.*       
JOSEPH F. LEESON, JR.
United States District Judge
